NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001364
28-FEB-2017
12:33 PM

NO. CAAP-14-0001364

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KAMAILE ELAINE POWELL, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(Kona Division)
(CASE NO. 3DTC-14-043849)


MEMORANDUM OPINION
(By: Nakamura, Chief Judge, and Leonard and Ginoza, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged
Defendant-Appellant Kamaile Elaine Powell (Powell) with excessive
speeding for driving her vehicle in excess of eighty miles per
hour, in violation of Hawaii Revised Statutes (HRS) § 291C-105
(2007 & Supp. 2016).[1]  After a bench trial, the District Court of

---

[1] HRS § 291C-105 provides in relevant part:

    (a) No person shall drive a motor vehicle at a speed
exceeding:

        (1)    The applicable state or county speed limit by thirty
             miles per hour or more; or

        (2)    <u>Eighty miles per hour or more irrespective of the
             applicable state or county speed limit</u>.

(Emphasis added.)

the Third Circuit (District Court)[2] found Powell guilty of the charge based on a police officer's estimate that Powell was driving her vehicle about 85 miles per hour.[3] The District Court entered its Judgment on November 21, 2014.

On appeal, Powell argues that: (1) the District Court erred in admitting the officer's testimony about his visual estimate of Powell's speed; and (2) without this evidence, there was insufficient evidence to support Powell's conviction for excessive speeding.

We conclude that the officer's estimate of Powell's speed was admissible, but was insufficient to support her conviction for excessive speeding. We further conclude that there was sufficient evidence to show that Powell had committed the non-criminal traffic infraction of driving her vehicle over the maximum speed limit, in violation of HRS § 291C-102(a)(1) (2007).[4] We therefore vacate Powell's excessive speeding conviction and remand the case for entry of a judgment that Powell committed the traffic infraction of speeding, in violation of HRS § 291C-102(a)(1). See State v. Fitzwater, 122 Hawaiʻi 354, 378, 227 P.3d 520, 544 (2010).

BACKGROUND

Hawaiʻi County Police Officer Larry Flowers (Officer Flowers) was on duty driving northbound on Queen Kaʻahumanu Highway at about 7:30 in the morning. Officer Flowers testified

---

[2] The Honorable Andrew P. Wilson presided.

[3] The State offered evidence that a radar device had determined that Powell was traveling 84 miles per hour. However, the District Court found that the State had failed to lay a sufficient foundation for the radar speed reading and thus the District Court based its guilty verdict on the officer's expertise at estimating speed.

Powell was also charged with reckless driving, but the District Court acquitted her of that charge after the bench trial.

[4] HRS § 291C-102(a)(1) provides, in relevant part:

(a) A person violates this section if the person drives:

(1)  A motor vehicle at a speed greater than the maximum speed limit[.]"

2

that Powell's vehicle, which was traveling southbound towards him, caught his attention because he estimated Powell's vehicle was "doing about eighty-five miles per hour." Officer Flowers testified that Powell's vehicle was the only vehicle in the southbound lane for about a thousand feet, and that his view was unobstructed. Officer Flowers activated the radar device in his vehicle and obtained a reading of 84 miles per hour. Officer Flowers then made a U-turn, stopped Powell's vehicle, and cited her for excessive speeding.

With respect to his ability to estimate speed, Officer Flowers testified that whenever he sees a vehicle he believes is speeding, he estimates the vehicle's speed before he activates his radar device "to confirm or deny [his] estimations." Officer Flowers testified that during his eighteen years as a police officer, he has estimated a vehicle's speed more than 10,000 times. Officer Flowers was asked how accurate his estimation of speed was "most of the time" and he responded "two to three miles," as follows:

> Q.    . . . What is sort of the range of how close your visual estimation is to what the radar or laser gun or pace, whatever the measuring device is that you use, how close do you come most of the time?
>
> A.    Two to three miles.

The District Court ruled that the State had failed to lay a sufficient foundation for the admission of the radar speed reading. However, the District Court found that Officer Flowers was qualified to estimate the speed of Powell's vehicle based on his eighteen years of experience in estimating speed and then confirming that estimate with a radar or laser device. The District Court relied on Officer Flowers' estimate in finding that the State had proved beyond a reasonable doubt that Powell was traveling in excess of 80 miles per hour, and it found Powell guilty of excessive speeding.

3

DISCUSSION

We resolve Powell's arguments on appeal as follows.

I.

Powell contends that the District Court abused its discretion in admitting Officer Flowers' estimate of Powell's speed. We disagree.

While the State failed to lay a sufficient foundation to have Officer Flowers testify as an expert witness, we conclude that his lay opinion was admissible under Hawai'i Rules of Evidence (HRE) Rule 701 (2016).[5] In <u>Nielsen v. American Honda Motor Co.</u>, 92 Hawai'i 180, 187, 898 P.2d 264, 217 (App. 1999), this court concluded:

> A lay person may render opinions as to speed and distance. <u>Under HRE Rule 701 (1993), a lay witness may testify as to rate of speed</u>, 1 J. Strong, <u>McCormick on Evidence</u> § 11, at 46 n.22 (4th ed. 1992); <u>Nationwide Mut. Ins. Co. v. Chantos</u>, 298 N.C. 246, 258 S.E.2d 334 (1979) ("A person of ordinary intelligence and experience is competent to state his or her opinion as to the speed of a vehicle when he or she has had a reasonable opportunity to observe the vehicle and judge its speed.")[.]

(Emphasis added; brackets omitted.) The State laid a sufficient foundation for the admission of Officer Flowers' estimate of Powell's speed as a lay opinion.

II.

Although Officer Flowers' speed estimate was admissible, we conclude that it was insufficient to prove that Powell was traveling in excess of 80 miles per hour. In reaching this conclusion, we agree with the reasoning of courts that have held that an officer's estimate of speed is insufficient to prove

---

[5] HRE Rule 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness, and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

that a defendant was speeding beyond a reasonable doubt where the variance between the estimated speed and the speed limit is small. See City of Kansas City v. Oxley, 579 S.W.2d 113 (Mo. 1979) (en banc); State v. Estes, 223 P.3d 287 (Idaho. Ct. App. 2009).[6] These courts recognize that a police officer's ability to estimate the speed of a moving vehicle is subject to error; therefore, the officer's speed estimate requires a substantial margin of error before the officer's estimate is sufficient to establish a speeding offense.

Here, the variance between Officer Flowers' speed estimate (85 miles per hour) and the speed necessary to establish the excessive speeding offense (more than 80 miles per hour) was small -- 5 miles per hour for a vehicle traveling at a very high rate of speed. Moreover, the evidence presented regarding the accuracy of Officer Flowers' estimate was imprecise -- the State only presented evidence that his speed estimate came within two to three miles of the measuring device "most of the time," and it did not elicit evidence of the accuracy of his estimates at high rates of speed, such as the 80 miles per hour threshold at issue in this case. Under these circumstances, we conclude that Officer Flowers' speed estimate was insufficient to support Powell's conviction for excessive speeding. See Fitzwater, 122 Hawai'i at 378, 227 P.2d at 544 (concluding that there was insufficient evidence to support an excessive speeding conviction given the small margin of error (5 miles per hour) between the unverified speedometer reading and the 65 miles per hour speed

---

[6] In People v. Olsen, 239 N.E.2d 354 (N.Y. 1968), the court held that a police officer's estimate that the defendant was traveling 50 to 55 miles per hour in a 30 miles per hour zone was sufficient to sustain the defendant's speeding conviction. The court, however, noted that the officer's estimate that the defendant was traveling 35 or 40 miles per hour in the same 30 miles per hour zone "might for obvious reason be insufficient, since, it must be assumed that only a mechanical device could detect such a slight variance with accuracy sufficient to satisfy the burden necessary to sustain a conviction." Olsen, 239 N.E.2d at 355.

necessary for a conviction). We therefore vacate Powell's excessive speeding conviction.[1]

### III.

Similar to the supreme court in Fitzwater, we conclude that while there was insufficient evidence to sustain Powell's conviction for excessive speeding, there was sufficient evidence to prove that Powell committed the non-criminal traffic infraction of driving over the maximum speed limit. Without objection by Powell, the District Court took "judicial notice" of the citation issued to Powell, which showed that the posted speed limit was 55 miles per hour. Powell testified and stated that she was not "intentionally speeding" and that "[t]here were no cars, and so I guess that's why I was speeding." We conclude that Officer Flowers' estimate that Powell's vehicle was traveling about 85 miles per hour combined with Powell's testimony which indicated that she was "speeding" was sufficient to show that Powell exceeded the 55 miles per hour speed limit. We therefore remand the case for entry of a judgment that Powell committed the infraction of exceeding the maximum speed limit, in violation of HRS § 291C-102(a)(1). See Fitzwater, 122 Hawai'i at 378, 227 P.3d at 544.

### CONCLUSION

Based on the foregoing, we vacate Powell's Judgment with respect to her conviction and sentence for excessive

---

[1] The District Court concluded, based on Hawai'i Supreme Court case law, that the State had failed to lay a sufficient foundation for admission of the radar speed reading. In particular, the District Court noted that the State was required to establish the manufacturer's requirements for training. In response, the State asserted that it could not lay this foundation because the manufacturer of the radar device did not issue training requirements. We note, however, that the State did not offer evidence that would demonstrate Officer Flowers' proficiency in operating the radar device or that would show he had undergone training reasonably designed to ensure competency in operating the radar device. Accordingly, the State failed to show that Officer Flowers was qualified to operate the radar device.

speeding, and we remand the case for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawai'i, February 28, 2017.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

Jason R. Kwiat
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

7